IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RURAL COMMUNITY HOSPITALS OF
AMERICA, LLC, et al.,

           Plaintiffs,

v.                                   CIVIL ACTION NO. 2:18-cv-00544

RURAL HOSPITAL GROUP, LLC, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion to Remand, (ECF No. 7), and Defendants' Motion for Jurisdictional Discovery, (ECF No. 11). For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion to Remand, **DENIES** Defendants' Motion for Jurisdictional Discovery, and **REMANDS** this case back to the Circuit Court of Kanawha County, West Virginia.

   A. *Jurisdictional Discovery*

Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.,* 334 F.3d 390, 402 (4th Cir. 2003). At the same time, however, district courts "have broad discretion in [their] resolution of discovery problems that arise in cases pending before [them]." *Id*. "[T]he decision of whether or not to permit jurisdictional discovery is a matter committed to the sound discretion of the district court" and "where . . . the plaintiff simply wants to conduct a fishing expedition in

the hopes of discovering some basis of jurisdiction," the district court is well within its discretion to deny jurisdictional discovery. *See Base Metal Trading v. Ojsc Novokuznetsky Aluminum Factory*, 283 F.3d 208, 216 n.3 (4th Cir. 2002).

In the case at hand, Plaintiffs Rural Community Hospitals of America, LLC ("RHCA") and Health Acquisitions Company, LLC ("HAC") have members from West Virginia, Florida, and Missouri. (ECF No. 1-1 at ¶ 3.) Three of the individuals defendants and both corporate defendants are also citizens of Missouri. (ECF No. 8 at 1–2.) However, the one Missouri citizen, Anthony Gualdin, who is a member of Plaintiff RHCA received a transfer of membership interest in RHCA only a few months before the initiation of this litigation. (ECF No. 13 at 1.) On this basis, Defendants contend that jurisdictional discovery is "appropriate and necessary to determine the nature and validity of Mr. Gauldin's new membership interest in RCHA" as it is possible that Mr. Gauldin's membership was a collusive assignment to defeat diversity jurisdiction. (*See* ECF No. 12 at 3–4.) Defendants argue that the circumstances surrounding the interest transfer to Mr. Gauldin lend themselves to an impression that such an action was taken by Plaintiffs and must be investigated. (*See id*. at 5–7.) Plaintiffs argue that Defendants' request is simply an attempt to delay the proceedings and that their argument is nonetheless unavailing. (*See* ECF No. 17 at 2–4.)

The Court agrees with Plaintiffs that allowing the discovery would ultimately result in the futile delay of this case being remanded back to state court. While Defendants' request may not be necessarily frivolous, Defendants only offer mere speculation and conclusory allegations that the transfer of interest that took place was collusive and intended to defeat diversity jurisdiction. Defendants fail to articulate with reasonable particularity the need for such discovery. Indeed,

Defendants actually concede that "it is relatively rare that a limited liability company would add a member principally for the purposes of defeating diversity . . . ." (ECF No. 12 at 5.) Furthermore, Defendants maintain that the Court should look to a five-factor test articulated by the District of Massachusetts in *JTMR Enters, LLC v. Duchin,* 42 F. Supp. 2d 87, 92 (D. Mass. 1999),[1] to determine if the transfer between Mr. Gauldin and RHCA was collusive. However, while this Court declines to adopt such a test, the Court finds that even if the Court were to apply the test to the case at hand, the facts in this case tend toward a finding that there was no collusive assignment between Mr. Gauldin and RHCA. The issue of whether the assignment was improperly or collusively made is to be resolved as a simple question of fact. See *Bass v. Texas Power & Light Co.*, 432 F.2d 763, 766–67 (5th Cir. 1970), cert. denied, 401 U.S. 975, (1971). This fact has been made abundantly clear in favor of the Plaintiffs. Attached to Plaintiffs' motion to remand is a declaration made by Mr. Gauldin which states that he is a citizen of Missouri, where he has lived for two years. (ECF No. 7-1.) Most importantly, the declaration states that Mr. Gauldin has been a member of RHCA since November 16, 2017, which occurred nearly 4 months before the onset of this litigation. (*See* ECF Nos. 7-1 & 1-1.) A declaration by Paul Nusbaum, an owner of Sun Finance (one of the members of RHCA), is also attached and validates that Mr. Gauldin is a bona fide member of RHCA and a citizen of Missouri. (ECF No. 7-2.) Furthermore, Defendants have provided six additional declarations, attached to their Memorandum of Law in Support of Motion to Dismiss or Transfer, which more than solidify the record to provide a factual

---

[1] "There is a 'pattern' of facts that courts have found indicative of a plaintiff's impermissible attempt to destroy diversity through assignment. The pattern includes, among other factors: (1) a partial, rather than total, assignment; (2) lack of consideration paid by the assignee to the assignor; (3) the plaintiff's motive was to stay in state court; (4) the assignee had no interest in the litigation before the assignment; and (5) the assignment was made shortly before the suit was filed." *JTMR Enters.* 42 F. Supp. 2d at 92 (internal citations omitted).

basis that Mr. Gaudin is a legitimate member of RHCA and a citizen of Missouri. (*See* ECF Nos. 5-1 – 5-7.) Therefore, the Court finds that Defendants' request is more akin to a fishing expedition and jurisdictional discovery is not appropriate in this case.

### B. *Federal Jurisdiction*

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial Power shall extend . . . to Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Congress provided a right to remove a case from state to federal court under 28 U.S.C. § 1441. This statute states, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Because removal of civil cases from state to federal court infringes state sovereignty, federal courts strictly construe the removal statute and resolve all doubts in favor of remanding cases to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." (citation omitted)). The party asserting federal jurisdiction bears the burden of proof. *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996). In evaluating a party's claim to federal jurisdiction, a court should look toward the circumstances

as they existed at the time the notice of removal was filed. *See Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) ("[F]ederal jurisdiction . . . is fixed at the time the . . . notice of removal is filed." (citation omitted)).

The Supreme Court has long "read the statutory formulation 'between . . . citizens of different States'" in Section 1332(a)(1) "to require complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). "[T]he 'complete diversity' rule clarifies that the statute authorizing diversity jurisdiction over civil actions between a citizen of a state where the suit is brought and a citizen of another state permits jurisdiction only when no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citation omitted). "This . . . rule . . . makes it difficult for a defendant to remove a case if a nondiverse defendant has been party to the suit prior to removal." *Id.*

Upon this Court's finding that jurisdictional discovery is not required in this case, the Court must remand this case as complete diversity is lacking. A member of the Plaintiff LLCs is a Missouri citizen and three of the individual defendants and both corporate defendants are citizens of Missouri, which defeats complete diversity. As such, this Court may not exercise subject matter jurisdiction over this case as it does not involve parties with complete diversity of citizenship, nor does it present a federal question or arise under the laws of the United States.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 30, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE